**STEWART AVIATION COMPANY, a corporation, Plaintiff,**

v.

**PIPER AIRCRAFT CORPORATION, a corporation, Defendant.**

**Civ. A. No. 73-717.**

United States District Court,
M. D. Pennsylvania.

March 22, 1974.

Harold R. Schmidt, H. Yale Gutnick, J. D. Glasser, Rose, Schmidt & Dixon, Pittsburgh, Pa., John C. Youngman, Sr., Candor, Youngman, Gibson & Gault, Williamsport, Pa., for plaintiff.

Paul G. Pennoyer, Jr., Chadbourne, Park, Whiteside & Wolff, New York City, Lester L. Greevy, Jr., Greevy, Knittle & Mitchell, Williamsport, Pa., for defendant.

## OPINION

MUIR, District Judge.

This civil treble-damage antitrust action was brought against Piper Aircraft Corporation by one of its former distributors, Stewart Aviation Company, on February 12, 1968, in the United States District Court for the Northern District of West Virginia. It was transferred to the Middle District of Pennsylvania on December 17, 1973.

Two weeks before the trial, Defendant moved for partial summary judgment based upon the statute of limitations. That motion is the subject of this opinion.

Stewart alleges that Piper violated the Sherman Antitrust Act[1] by conspiring with the distributors of its product, including Stewart, to grant each distributor an exclusive geographical territory outside of which the distributor was prohibited from selling Piper's products, but within which the distributor was free to sell Piper products without fear of competition from Piper's other distributors. Stewart also alleges that Stewart did not respect the territorial agreement and was terminated by reason of that fact as a Piper distributor on June 30, 1965. It is undisputed that prior to 1963 Piper's distributor contracts did have a territorial restriction on all distributors, but Piper contends that the agreement was not enforced.

The Antitrust laws provide for a four year statute of limitations.[2] Piper seeks

to prevent Stewart from attempting to prove any damages for a period earlier than February 12, 1964. Stewart, citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 91 S.Ct. 795, 28 L. Ed.2d 77 (1971), maintains that since its pre-1964 damages were uncertain and speculative until 1964 at the earliest, it should be allowed to prove its pre-1964 damages.

The general rule in antitrust actions is that a cause of action accrues and the statute of limitations begins to run when a Defendant commits an act that injures a plaintiff's business. Zenith Radio Corp. at p. 338, 91 S.Ct. 795. It is also the rule that in a suit which includes recovery for future damages, a plaintiff will not be allowed to recover for future damages that are unascertainable. Zenith Radio Corp. at p. 339, 91 S.Ct. 795. Reading these two principles together it is entirely possible that a defendant could engage in actions violative of the antitrust laws where the resultant damages may not become ascertainable for ten years, but at the expiration of that 10-year period a plaintiff, were he then to file suit, could not recover because the anticompetitive conduct occurred more than four years before such hypothetical suit was filed. With this possible inequity in mind, the Zenith court held that illegal anti-competitive conduct which occurs more than four years prior to the initiation of a lawsuit may be the basis of recovery in damages which were caused during the four years immediately prior to the filing of that suit *if*, at the time of the original antitrust violation, future damages would have been unascertainable. See Poster Exchange, Inc. v. National Screen Service Corp., 456 F.2d 662, 667–668 (5th Cir. 1972) and Ansul Company v. Uniroyal, Inc., 448 F.2d 872, 885 (2d Cir. 1971).

1. 15 U.S.C. § 1 et seq.

2. 15 U.S.C. § 15b states, in part:
"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued."

■ Stewart may recover those damages which occurred after February 11, 1964 as a result of Piper's antitrust violations taking place before February 12, 1964, *if at that earlier time* future damages would have been unascertainable. Whether these alleged damages were susceptible of being ascertained is an issue upon which testimony must be adduced. Continental-Wirt Electronics Corp. v. Lancaster Glass Corp., 459 F.2d 768 (3d Cir. 1972).

■ Stewart asserts that the statute of limitations was tolled by virtue of 15 U.S.C. § 16(b),[3] from April 10, 1964 until June 16, 1966, the period of the government suit, when it began to run again. If this interpretation were accepted, Stewart could sue for damages occurring as far back as 1961. Stewart bases its position on this quotation from Zenith, *supra*, 401 U.S. at page 338, 91 S.Ct. at 806:

> "The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is '*commenced within four years after the cause of action accrued,*' 15 U.S.C. § 15(b), *plus any additional number of years during which the statute of limitations was tolled.*" (Emphasis added)

The 1955 amendment to § 16(b) provides that any action by a private party must be initiated *during* the period of the suspension or *within* four years after the cause of action accrued. In *Zenith*, Plaintiff instituted suit 6½ months after termination of the government suit. The Supreme Court lan-

guage in *Zenith* is, in my view, unnecessary to the decision, and with all deference, imprecise. The statute is clear.

An appropriate order will be entered.

---

3. 15 U.S.C. § 16(b) states:
   "(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however*, That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred, unless commenced either within the period of suspension or within four years after the cause of action accrued."